# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.

**DAVID R. FLYNN**

Defendant.

Case Number: 2:14CR00049-001

USM Number: 84131-083

Defendant's Attorneys: James O. Broccoletti and Randall Leeman

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 and 2 of the Criminal Information.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. 1341 | Mail Fraud | Felony | December 31, 2013 | 1 |
| 18 U.S.C. 1957 | Unlawful Monetary Transactions | Felony | November 29, 2013 | 2 |

As pronounced on December 16, 2014, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this __18th__ day of December, 2014.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

Henry Coke Morgan, Jr.
Senior United States District Judge

Case 2:14-cr-00049-HCM-TEM Document 51 Filed 12/18/14 Page 2 of 6 PageID# 750 Page 2 of 6
AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Case Number: 2:14CR00049-001
Defendant's Name: FLYNN, DAVID R.

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SEVENTY-ONE (71) MONTHS**. This term of imprisonment consists of a term of SEVENTY-ONE (71) MONTHS on Count 1 and a term of SEVENTY-ONE (71) MONTHS on Count 2, all to be served concurrently.

The Court recommends that the defendant be confined in an institution which has available the treatment that the defendant needs which is principally substance and alcohol abuse treatment.

The Court will order that the defendant self-surrender within 45 days of today (December 16, 2014), the date of his sentencing or on whatever date the Bureau of Prisons ("BOP") designates the facility to which he will be assigned.

If that is less than 45 days, then the defendant will have to surrender on the date the BOP designates the facility or within 30 days of December 16, 2014, whichever occurs last. If the defendant receives a facility designation, he shall have 24 hours to report directly to the facility. If the defendant does not receive a facility designation, he shall self surrender at the United States Marshal in this Courthouse by 12:00 noon upon the conclusion of the forty-fifth day.

## RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.


_____
UNITED STATES MARSHAL

By
_____
DEPUTY UNITED STATES MARSHAL

Case 2:14-cr-00049-HCM-TEM Document 51 Filed 12/18/14 Page 3 of 6 PageID# 751  Page 3 of 6
AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Case Number: 2:14CR00049-001
Defendant's Name: FLYNN, DAVID R.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**. This term consists of a term of THREE (3) YEARS on Count 1 and a term of THREE (3) YEARS on Count 2, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Case Number: | 2:14CR00049-001 |
| Defendant's Name: | FLYNN, DAVID R. |

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1. The defendant shall refrain from the unlawful use of a controlled substance or the abuse of alcohol or the use of alcohol and submit to at least 1 drug test within 15 days of his release onto supervised release and at least 2 periodic tests thereafter as directed by the probation officer.

2. The defendant shall not use any alcohol in any form during his period of supervised release. If the defendant does use alcohol in any form during his period of supervised release or use any controlled substance he shall not be permitted to operate a motor vehicle for any reason whatsoever during the period of supervised release.

3. The defendant is under a child support order at this time and compliance with that child support order will be a condition of his supervised release, that is he will be required pay the amount ordered by the court having jurisdiction over the child.

4. The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer and shall provide the probation officer access to any required financial information.

5. The defendant shall be required to participate in a Treasury Offset Program as directed by the probation officer.

6. The defendant shall not be permitted to engage in any occupation which involves the handling or custody of funds belonging to any other person.

7. The defendant shall participate in a program for substance and alcohol abuse as directed by the probation officer which may include membership in Alcoholics Anonymous if determined by the probation officer.

8. The defendant shall participate in a program for mental health treatment and shall waive the confidentiality of any information developed during the course of such treatment so that the court and the probation officer will be able to determine the necessity for such treatment and its nature and duration.

9. The defendant shall comply with the terms of the Restitution Order. The court reserves the right to amend the required monthly payment in the Order during his period of supervised release.

Case Number: 2:14CR00049-001
Defendant's Name: FLYNN, DAVID R.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| 2 | $100.00 | $0.00 | $2,296,657.86 |
| **TOTALS:** | **$200.00** | **$0.00** | **$2,296,657.86** |

## FINES

No fines have been imposed in this case.

## COSTS

The Court waives the cost of prosecution, incarceration, and supervised release.

## RESTITUTION

The Court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the restitution so long as the defendant complies with the Restitution Order.

SEE Restitution Order entered and filed on December 16, 2014.

## FORFEITURE

The Court Orders that the Consent Order of Forfeiture will be part of the defendant's sentence. Any Final Orders of Forfeiture of Property filed in this case shall be considered part of this Judgment.

**Case Number:** 2:14CR00049-001
**Defendant's Name:** FLYNN, DAVID R.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment shall be due in full immediately and if not immediately paid, it may be deducted from the defendant's prison account in accordance with the rules and regulations applicable to such accounts.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.